

FILED

06/28/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0309

# IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0309

TIMOTHY ERIC RITESMAN,

Petitioner,

v.

STATE OF MONTANA, FOURTH JUDICIAL
DISTRICT COURT, HON. EDWARD P.
McLEAN, Presiding,

Respondents.

ORDER

FILED

JUN 2 8 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Representing himself, Timothy Eric Ritesman has filed a "Notice of Filing of Petition for Supervisory Control," deemed a Petition for Writ of Supervisory Control, pursuant to M. R. App. P. 14(3). Ritesman contends that more than two years have elapsed since anything has occurred in his proceeding for postconviction relief. We amend the caption to include the Fourth Judicial District Court, Missoula County, and the presiding Judge.

Supervisory control may be appropriate on a case-by-case basis. "This extraordinary remedy can be invoked when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate." *State v. Spady*, 2015 MT 218, ¶ 11, 380 Mont. 179, 354 P.3d 590 (citing M. R. App. P. 14(3); *Redding v. McCarter*, 2012 MT 144, ¶ 17, 365 Mont. 316, 281 P.3d 189). "The case must meet one of three additional criteria: (a) [T]he other court is proceeding under a mistake of law and is causing a gross injustice; (b) [C]onstitutional issues of state-wide importance are involved; or (c) [T]he other court has granted or denied a motion for substitution of a judge in a criminal case." *Spady*, ¶ 11 (quoting M. R. App. P. 14(3)(a)-(c)).

Ritesman includes a copy of the register of actions for his pending matter, initiated in 2018, to demonstrate that nothing has occurred since August 2020. He raises complaints

about a biased judge, prosecutorial misconduct, and ineffective assistance of counsel, among other claims. He states that he has newly discovered evidence and argues constitutional violations.

We secured a more recent copy of the court's register of actions. Ritesman is mistaken that nothing has occurred in the last two years. We point to the court's May 16, 2022 Minute Entry and Order. The court held a hearing concerning Ritesman's request for substitution of counsel. Toward the conclusion, Ritesman stated that he would seek supervisory control. The court issued an order granting immunity to Ritesman's counsel for revealing any confidential information in answer to the court's questions at the hearing. The court granted counsel's motion to withdraw and directed him to notify the public defender's conflict office to have new counsel appointed.

Ritesman is not entitled to a writ of supervisory control over the District Court. He has not demonstrated that the District Court is proceeding upon a mistake of law, causing a gross injustice. M. R. App. P. 14(3)(a). Ritesman has not shown urgency or that his remedy of a normal appeal is inadequate. *Spady*, ¶ 11; M. R. App. P. 14(3). Ritesman may not agree with the outcome or how his matter is proceeding, but the case is moving forward in District Court. Section 46-21-201, MCA.

IT IS THEREFORE ORDERED that Ritesman's Petition for Writ of Supervisory Control is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to the Honorable Ed McLean (Ret.), Fourth Judicial District Court; to Shirley E. Faust, Clerk of District Court, Missoula County, under Cause No. DV-2018-829; to Matt Jennings, Missoula County Attorney's Office; to Tobias J. Cook, Ritesman's Counsel; and to Timothy Eric Ritesman.

DATED this 28 day of June, 2022.

_____
Chief Justice

2

_____

_____

_____

_____
Justices